UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID FLETCHER, | ) |
|     Petitioner, | ) |
| v. | ) Civil Action<br>) No. 06-40280-FDS |
| STEVEN J. O'BRIEN, | ) |
|     Respondent. | ) |

**FINDINGS AND ORDER ON PETITIONER'S
MOTION FOR THE APPOINTMENT OF COUNSEL**

**February 15, 2011**

**HILLMAN, M.J.**

### Nature of the Proceeding

By Order of Reference dated September 29, 2010, this case has been referred to me for disposition of Petitioner, David H. Fletcher's ("Fletcher") Motion for the Appointment of Counsel (Document #18).

### Background

Fletcher has filed a Petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging his 2003 state criminal conviction for statutory rape. This is his second motion for the appointment of counsel. His first motion (Document #4) was denied by District Judge Saylor on January 8, 2007, because he was not indigent under Title 19 U.S.C. § 3006A(2)(B) due to his ownership of real estate in Haverhill Massachusetts with over $100,000.00 in equity. Judge Saylor denied that motion without prejudice to renew after the Respondent had responded to

Fletcher's petition, and upon a showing that exceptional circumstances existed to warrant the appointment, and that he was unable to afford counsel.

On September 22, 2010, Fletcher again applied for the appointment of counsel (*i.e.*, the instant motion, Docket #18). This motion was supported by a five paragraph affidavit from Fletcher in which he recites that he is unable to afford counsel and that the court had declared him indigent. I have carefully searched the docket and can find no such finding. There is an unverified letter (Document #13) dated May 4, 2007 from Attorney Alfred Cirome who represents that he is Fletcher's civil attorney and that he is in the process of selling Fletcher's real estate so that Fletcher will have enough money to hire counsel. Under First Circuit precedent, a habeas petitioner must both establish indigency and "that exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on his due process rights." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).

Because there is no evidence that Fletcher's financial situation has changed from 2007, I am denying his motion for the appointment of counsel without prejudice to renew upon the filing of a financial affidavit signed and sealed under the pains and penalties of perjury. That affidavit shall provide detailed information about the disposition, if any, of his real estate and an accounting of the proceeds of any sale that may have taken place.

SO ORDERED.

/S/ Timothy S. Hillman
TIMOTHY S. HILLMAN
UNITED STATES MAGISTRATEJUDGE