UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DAVID FLETCHER, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. |
| | ) | 06-40280-FDS |
| v. | ) | |
| | ) | |
| STEVEN O'BRIEN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER
ON MOTION FOR A CERTIFICATE OF APPEALABILITY**

**SAYLOR, J.**

Petitioner David Fletcher was convicted in Massachusetts state court of statutory rape of a child and is currently in state custody. The Massachusetts Appeals Court affirmed his conviction and this Court denied his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Fletcher now seeks a certificate of appealability ("COA") in order to appeal the denial of his habeas petition. For the reasons that follow, that motion will be granted in part and denied in part.

**I.     Background**

Fletcher filed a petition pursuant to 28 U.S.C. § 2254 asserting that his conviction was obtained in violation of his Sixth and Fourteenth Amendment rights to the effective assistance of counsel and to confront his accuser. The Court rejected both claims, holding that the decision of the Massachusetts Appeals Court was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States, and was not based on an unreasonable determination of the facts in light of the evidence presented. *See*

§ 2254(d)(1), (d)(2).

On August 15, 2011, Fletcher filed an application for a COA.

## II.    Discussion

To appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," the petitioner must first obtain a COA from a circuit justice or a district court.  *See* 28 U.S.C. § 2253(c).  A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2).  This standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner seeks a COA as to (1) both the Sixth and Fourteenth Amendment issues raised in his petition, and (2) whether this Court erroneously permitted counsel for the respondent "to file additional papers when in fact he was already in default."

Although the Court disagreed with petitioner's constitutional arguments and dismissed his petition, it nonetheless concludes that reasonable jurists could debate whether the petition should have been resolved differently.  *See Miller-El*, 537 U.S. at 336.  Jurists of reason could likewise could conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

However, to the extent that petitioner complains about the extension of time granted to respondent to file a brief, the Court concludes that the appeal is entirely without merit and no

COA will issue.

### III.  Conclusion

In accordance with the foregoing, Fletcher's application for a certificate of appealability is GRANTED as to his claim that his conviction was obtained in violation of the Sixth and Fourteenth Amendments, and is otherwise DENIED.

**So Ordered**.

                            /s/ F. Dennis Saylor
                            F. Dennis Saylor IV
                            United States District Judge

Dated: September 1, 2011